# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Caze D. Thomas
Write the full name of each plaintiff or petitioner.

Case No. 22 CV 05341

-against-

Twitter Corperate Office
National Twitter Headquarters
Write the full name of each defendant or respondent.

**NOTICE OF MOTION**

earier Conference
shift burden of Proof
Writ of Certiorari
Subpeona For Data Archive undamaged
Pre-motion to Include Apple Inc to this case

PLEASE TAKE NOTICE that  Plaintiff
_plaintiff or defendant_ _name of party who is making the motion_

requests that the Court: Everyday Mr. Musk Jepredize the value, use, and existence of the twitter platform. The Plaintiff Request an earier Conference, And a writ of Certiorari for criminal charges that apply to this case. The Plaintiff has valued the licensing of his Inventions that are in his Twitter Archive at hundreds of millions of or trillions of Dollars And where the defendant object to the Plaintiff claims of value the Plaintiff shift the burden of proof.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law
☒ my own declaration, affirmation, or affidavit
☐ the following additional documents:

The plaintiff Request the court Subpeona the defendant for his entire data archive undamaged. The plaintiff has a Right to value his Invention at whatever value his gives it as a whole and in licensing

11/14/22
Dated

Signature

Caze D. Thomas
Name

Prison Identification # (if incarcerated)
11365

c/o 65-45 Parsons Blvd #1M   Fresh Meadows   NY Domestic Republic
Address                      City            State     Zip Code

(347) 262-3434                Thomasinelectric@yahoo.com
Telephone Number (if available)   E-mail Address (if available)

# early/burden/writ

---

The plaintiff is just receiving the order on the motion of conference through his Pacer account (11/11/22), and have yet to receive an email notification or actual mail of the order itself. However because of the risk, damage, strain, and stress put on the platform, it's users, and its employees by Elon Musk. Because of his new implementions, operations, and functions which causes further damages to the Twitter platform and is use, are cognitively decisive, the plaintiff alleged that his action are done intentionally to cause harm, and sabotage the platform to where it would go into bankruptcy or be dissolve, and ultimately destroying all evidence, intellectual properties belonging to the plaintiff, and prior are proof of inventions, intellectual properties, and ownership belonging to the plaintiff and in which Mr.Musk and his direct or 3rd party business inventestors, collaborators, colleagues, constituents, and or associates have, are, and or may intend to further exploited, infringed, cause harm, abuse, neglect, illegal have possession of, steal, illegally claimed, damage, use, alter, and destroy without the plaintiff's permission, or mutual agreement. Allegedly some of Twitter employees have been fired strategically to strip them of benefits, they have quit because of all they have experienced including but not limited to abuse and neglect due to Elon Musk decisions, control, operations, and ownership, user's who help build the platform and have added to it's popularity and value are leaving the platform because Mr.Musk actions. Because the plaintiff's intellectual property is so valuable, and likely beyond the Mr.Musk, and his business partners, investors, Associates, constituents, colleagues, and comrades in any manner and by any means (past, and present) combined, Twitter Inc. and all of its properties would ALSO be rightly due and entitled to the plaintiff in judgment in for the damages done before and after Mr.Musk ownership. As of this moment Twitter is facing eminent bankruptcy and dissolve. The plaintiff is suing for all of his intellectual properties, his entire data archive of his entire account containing all of his data, including the analytics of all users and profiles that has ever interacted with, engaged with, and visited his profile. As this information collected by Twitter has been mutual agreed, collected, store, and made accessible to users past and present upon request. The plaintiff is also suing for damages, limited, and permanent injuctions where it is necessary that they be applied. In summary the plaintiff would like to move the court for an earlier date for conference than what currently scheduled, as it is not unlikely that Twitter Inc will not exist at that time. The plaintiff move to have the conference next Wednesday which is November 16th, 2022. By committing a Logical Fallacy known as the Argument From Ignorance in regards to the value of his intellectual properties, data archive, prior art and evidence, (as they are as a whole appraised by him, the most valuable technology known to man, pushes the human evolution forward, more valuable than all the assets, gains, wealth, and value of Twitter Inc. and It's owners, it's business partners and the like as previously stated, associates, it's users, and priceless to him to the point he would never sell it, to be passed down to his loved ones after his death for generations to come, and generational wealth), the plaintiff shifts the burden of proof. Which occurs as his proposition is assumed to be true because it has not yet been proven false and no proposition made by the defendants assumes the plaintiffs preposition is false because it has not yet been proven true (which can be further confirmed in the defendants motion in conjunction with rule 12(b)(6)), as they are in possession of and illegally withholding the plaintiff's properties from him after his request, intentionally obstruction justice, tamper with evidence of now stolen property,

*[Handwritten annotations in right margin:]* As the defendant Alleged A claim was not made. In Licensing Amounting to hundreds of millions of trillion of dollars In Licensing alone. Through licensing

*[Handwritten insertions within text:]* claims in licensing; them; through licensing

prior art
License

and preventing him the opportunity and right to the appraisal of his own properties outside of the value, and worth he has given them. Where deemed proper for further necessary procedures for search, seizures, and possibly arrest, the plaintiff request/enter a writ of Certiorari. The plaintiff has spoken directly to Queens District Attorney Melinda Katz and was told that the office could not be moved by a public party. Let the court understand, known, and be notified that there are no limitations on the amount of times a data archive can be requested by a user past or present, and there is no limit upon which it is given by Twitter.

For licensing and negotiation purposes, For him to conduct Future business If he chose to

In the archive are prior art inventions that would prevent people from being kidnapped and all safety protocols to Run, Conduct, operate, and Regulate A Safe Environment for Augmented Reality Social networks. As well as the most Stable Crypto currency Known to man which is also the plaintiff invention.

© 2018-2020 dhdsofthub All Rights Reserved

On November 7, 2022, the Court received a letter from Defendant Twitter requesting a conference regarding an anticipated motion to dismiss. (Dkt. #10).  Recognizing Plaintiff's pro se status, the Court afforded Plaintiff ample time to respond to Defendant's letter and scheduled a conference to discuss the motion for January 18, 2023.  (Dkt. #12). Plaintiff has now submitted three responses to Defendant's letter. (Dkt. #13, 16, 18).  In his most recent letter, above, Plaintiff requested that the conference be moved to an earlier date to expedite the proceedings.  (Dkt. #18).  Since Plaintiff has had a full opportunity to respond to Defendant's pre-motion letter, the Court agrees that there is no need to wait until January for the conference.

The telephonic conference scheduled for January 18, 2023 is hereby RESCHEDULED for **December 13, 2022** at 12:30 p.m.  At that time, the parties may join the conference by dialing (888) 363-4749 and entering access code 5123533.

Defendant may, but is not required to, file an additional letter responding to Plaintiff's submissions.  If Defendant chooses to do so, it shall file that letter on or before **December 8, 2022.**  The Court will not accept additional written submissions from Plaintiff regarding the substantive issues in this suit ahead of the conference.

The Clerk of Court is directed to terminate the motion at docket entry #18.  The  Clerk of Court is also directed to mail a copy of this endorsement to Plaintiff at: Caze D. Thomas, c/o 65-45 Parsons Blvd. #1M, Fresh Meadows, New York 11365.

Dated:    November 15, 2022
          New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE