**PerkinsCoie**

500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

T +1.214.965.7700
F +1.214.965.7799
PerkinsCoie.com

January 5, 2023

Hayden M. Schottlaender
HSchottlaender@perkinscoie.com
D. +1.214.965.7724
F. +1.214.965.7774

**VIA ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York

**MEMO ENDORSED**

Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
failla_nysdchambers@nysd.uscourts.gov

Re:  *Thomas v. Twitter*, No. 22-CV-05341: Status Update

Judge Failla:

This letter is submitted to update the Court on the status of the case, as ordered. This letter also seeks clarification as to the Court's docket entry dated December 14, 2022.

Following a hearing before this Court on December 13, 2022, the Court entered the following docket notice on December 14, 2022:

> Notice - Minute Entry for proceedings held before Judge Katherine Polk Failla: Initial Pretrial Conference held on 12/13/2022. Pro se plaintiff present. Attorneys Hayden M. Schottlaender and Andrew Sun Pak representing Defendants present. The Court will not set a motion schedule at this time. Defendants shall send Plaintiff an authorization form, and counsel shall speak to their client regarding the deletion of specified tweets so that Plaintiff's account can be reinstated. Defendants shall also send Plaintiff the full archive they have in their possession of his twitter account by the end of the year. Defense counsel shall file a letter in early January with the status of the case. Defendants shall order a copy of today's transcript. (See transcript.) (Court Reporter Sara Beiter) (tn)

Following that notice, counsel for Twitter sent an authorization form to Thomas, which Thomas executed and returned using the email address associated with the

Perkins Coie LLP
159863798.2

January 5, 2023
Page 2

account @Zay_Cipher. On December 22, 2022, Twitter therefore produced to Thomas the full archive in its possession for the account @Zay_Cipher. Twitter made that production using the only data production tool available to Twitter, the same tool it uses to produce data to law enforcement entities and civil litigants alike. That data production was also accompanied by a "README" text file, explaining to Thomas in significant detail how to interpret *each* of the data files Twitter produced to him.[1]

Further, counsel for Twitter ordered a copy of the December 13 transcript and will produce it to Thomas once received. And counsel for Twitter spoke to Twitter about whether Twitter would "delete" rule-violative Tweets by @Zay_Cipher such that that account could thereinafter be reinstated. Twitter would not agree to do so.

While Twitter has voluntarily undertaken all of the actions above, Twitter seeks clarification from the Court that its December 14 notice reflected efforts voluntarily made by Twitter to resolve the case without court intervention. Twitter is concerned that the notice's "shall" statements could be cited by future litigants as an order directed to Twitter to take actions to reinstate Plaintiff's account. Indeed, based on an email sent by Plaintiff to Twitter's counsel, even Plaintiff believes that the Court has ordered Twitter to reinstate his account. If, however, the Court *did* intend for the December 14 entry to constitute an order directed to Twitter, then Twitter respectfully requests the opportunity to file a motion to vacate to explain why injunctive relief of that sort would be inappropriate here.[2]

Respectfully submitted,

*H. Schott*

Hayden M. Schottlaender
TX Bar No. 24098391
Admitted *pro hac vice*.

---

[1] Should the Court wish to view Twitter's December 22 production, Twitter respectfully submits that such a directive should be issued to Thomas rather than to Twitter, which is barred from producing that data to the Court by 18 U.S.C. §§ 2702, 2703.

[2] Among other reasons, Twitter contends that such an order would run afoul of Twitter's due process rights, Federal Rule of Civil Procedure 65, the Stored Communications Act, and the Communications Decency Act.

The Court is in receipt of the above status update.  Defendant's understanding of the minute entry regarding the December 13, 2022 conference is correct: defense counsel's agreement to produce Plaintiff's Twitter archive and to discuss the possibility of reinstating Plaintiff's account with its client were voluntary efforts to resolve this matter without further litigation, not court-ordered actions.  Defendant is not obligated to provide the archive or reinstate Plaintiff's account at this time.

At the December 13, 2022 conference, Plaintiff represented that he brought this action in order to obtain his Twitter archive.  The Court understands from the above status update that Defendant has now provided such archive to Plaintiff.  Plaintiff is hereby ORDERED to file a letter on the docket on or before **January 26, 2023,** informing the Court whether he wishes to discontinue this litigation in light of this development.  If Plaintiff reports that he would like to continue with the litigation, the Court will set a briefing schedule for Defendant's anticipated motion to dismiss.  (*See* Dkt. #10).

The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff's address of record.


Dated:    January 5, 2023                SO ORDERED.
          New York, New York

                                         *Katherine Polk Failla*

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE