UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAZE D. THOMAS,

            Plaintiff,

        -v.-

TWITTER CORPORATE OFFICE and
NATIONAL TWITTER HEADQUARTERS,

            Defendants.

22 Civ. 5341 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of two letters from Plaintiff, both of which were docketed on June 12, 2023. (Dkt. #63, 64). Defendants have not filed a response to either, and the Court addresses each in turn.

    The first of Plaintiff's filings is a motion to add Apple Inc., Xiami Inc., and Meta Inc. (the "putative new defendants") as defendants in this action. (Dkt. #63). Plaintiff intends to bring claims of "patent law violation, dillutions of branding, and unfair[] and unjust competition" against the putative new defendants. (*Id.*). Plaintiff has not established — nor could the Court deduce in its independent investigation — that the requirements of Federal Rules of Civil Procedure 15 and 20(a)(2) are met as to the putative new defendants. The intended claims against those parties are legally and factually distinct from Plaintiff's claims against the existing Defendants and there is no suggestion of joint or several liability. *See* Fed. R. Civ. P. 20(a)(2)(A)-(B). Because joinder of the putative new defendants would be improper, Plaintiff's motion is DENIED

without prejudice as to Plaintiff's ability to file claims against the putative new defendants in a separate action.

Plaintiff's second filing is titled "Letter + Opposition to Reply" and requests that the Court accept the filing "if opposition is permitted and necessary or expected." (Dkt. #64). The Court construes this filing as a motion for leave to file a sur-reply regarding the pending motion to dismiss. (Dkt. #43). That motion is also DENIED. Plaintiff has already submitted more than 150 pages in opposition to Defendants' motion (*see* Dkt. #58-59), despite the Court's direction that Plaintiff's opposition not exceed 25 pages (Dkt. #54). As such, Plaintiff has already had a full and fair opportunity to respond to Defendants' arguments and a sur-reply would not be helpful to the Court's resolution of the motion. The pending motion to dismiss is fully briefed and the Court will decide it in due course. The parties are advised that the Court will not accept further briefing on the motion.

Plaintiff's second filing also requests leave to amend his pleading "if necessary after the Defendants['] likeliness of default." (Dkt. #64). To date, Defendants have complied with all Court-ordered deadlines and obligations and are not currently at risk of default. To that end, Plaintiff's request for leave to amend is DENIED as premature.

The Clerk of Court is directed to terminate the motion at docket entry 63.

SO ORDERED.

Dated: June 21, 2023
       New York, New York

KATHERINE POLK FAILLA
United States District Judge

3